IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY MCCALL | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 23-933 |
| MONTGOMERY COUNTY OFFICE | : |
| OF CHILD AND YOUTH, *et al.* | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                                          **JULY 10, 2023**

      Plaintiff Tiffany McCall filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of her constitutional rights. The claims arise from the filing of a Dependency Petition in the Court of Common Pleas of Montgomery County concerning the custody of McCall's minor child. (Compl., ECF No. 7.) McCall asserts claims against the Montgomery County Office of Child and Youth Services ("MCOCY"), Nemours Children's Health Hospital ("Nemours"), the Law Offices of Craig Hosay, P.C., and Attorney Craig Hosay. (*Id.*) Also before the Court is McCall's *pro se* Notice of Removal of the Dependency Petition.[1] (ECF No. 2.) For the following reasons, McCall's civil rights Complaint will be dismissed without prejudice and the Dependency Petition will be remanded to the Court of Common Pleas of Montgomery County.

---

[1] The Dependency Petition is attached to McCall's Notice of Removal and includes McCall's minor child's full name. (ECF No. 2-1). Federal Rule of Civil Procedure 5.2 prohibits litigants from submitting documents that contain personal information, including, *inter alia*, the names of persons under the age of 18, who are to be identified by initials only. The Clerk of Court will be directed to mark this document as case participant view only. McCall is directed to refrain from including the minor's name in future filings.

I.  **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[2]

McCall filed her Notice of Removal and Complaint together with a Motion for Leave to Proceed *In Forma Pauperis* and a Motion for an Emergency Expedited Hearing. (ECF Nos. 1, 3.) McCall was granted leave to proceed *in forma pauperis* and consideration of the claims raised in the Notice of Removal and the Complaint was deferred. (ECF No. 5.) In addition, the Court denied McCall's Motion for an Expedited Hearing. (ECF No. 6.) McCall's Notice of Removal and Complaint are ripe for review.

A.  **McCall's Notice of Removal**

McCall seeks to remove a Dependency Petition filed in the Montgomery County Court of Common Pleas – Juvenile Division seeking an award of temporary protective custody of McCall's minor child to MCOCY. (ECF No. 2.) In the form Petition, MCOCY checked boxes stating that the child "is without proper care or control," and that at the time of filing, was in the Protective Custody of MCOCY at Nemours. (ECF No. 2-1 at 1.) The "Allegations of Dependency" reflect that on November 19, 2022, the child was examined and underwent diagnostic tests at Children's Hospital of Philadelphia ("CHOP") upon seeking care for abdominal pain. (*Id.* at 6.) On January 4, 2023, the child was seen by a gastroenterologist, who ordered tests to diagnose possible inflammatory bowel disease. (*Id.*) At a February 1, 2023 gastroenterologist appointment, it was noted that the child had lost 15% of his bodyweight since the November 2022 visit to CHOP, and that he exhibited anemia, elevated inflammatory markers, hypoalbuminemia, and elevated stool calprotectin. (*Id.*) He was scheduled to undergo an endoscopy and a colonoscopy the next day. (*Id.*) The Petition avers that CHOP was unable to

---

[2] The allegations set forth in this Memorandum are taken from McCall's Complaint and her Notice of Removal. (ECF Nos. 7, 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

2

contact McCall on February 2 and the ordered procedures did not take place. (*Id.*) As a result, MCOCY received a referral due to alleged medical neglect of the child. (*Id.*) McCall allegedly met with a caseworker on February 3 and expressed that she was upset about the referral and did not want to take her child back to CHOP because she believed that he did not receive proper medical care there. (*Id.*)

On February 27, 2023, McCall's child was admitted to Nemours. He was anemic and required a blood transfusion, which McCall was allegedly refusing to permit. (*Id.*) On March 1, 2023, Nemours took emergency custody of McCall's child when she allegedly attempted to remove him from the hospital. Nemours then gave the child the blood transfusion. (*Id.*) MCOCY received referrals at the time the child was admitted to Nemours and at the time Nemours took emergency custody of the child. (*Id.*) On March 3, 2023, Nemours advised MCOCY that it required authorization for the child to receive an endoscopy, colonoscopy, placement of a nasogastric tube for formula and medication, administration of blood products, oral and intravenous steroids, monitoring of bloodwork, treatment with Remicade, electrolyte replacement, antacid therapy, vitamin replacement, and X-rays. Nemours estimated that the child would need to be hospitalized for at least ten days. (*Id.* at 6-7.) McCall allegedly resisted the advice of the Nemours physicians and requested that all procedures be conducted on an outpatient basis. (*Id.* at 7.) The "Allegations of Dependency" note that MCOCY took emergency protective custody of the child on March 2, 2023, and that he remained at Nemours where he was to receive the recommended course of treatment. (*Id.*)

In her Notice of Removal, McCall generally repeats the allegations included in the Dependency Petition. (ECF No. 2 at 1-4.) She asserts as a basis for removal that there is complete diversity among the parties to the Dependency Petition and the amount in controversy exceeds $75,000. (*Id.* at 4-5.) She also asserts that federal question jurisdiction exists, because

3

her constitutional rights were violated in the course of the adjudication of the Dependency Petition. (*Id.* at 5-6.)

### B. McCall's Complaint

In her Complaint, McCall alleges that in early November 2022, she and her child ate take-out pizza from a local restaurant, after which the child developed stomach cramps, fever and loose stools. (ECF No. 7 at 3.) McCall alleges that she sought a diagnosis and treatment for her child over the next several weeks, with no success. (*Id.*) During this time, her child's symptoms persisted and he began to lose weight. (*Id.*) In February 2023, McCall's child was allegedly examined at Defendant Nemours, where lab work was performed, and the child was given nutrients and electrolytes. McCall alleges that she was told that if all of the tests performed returned negative results, her child would need an endoscopy and a colonoscopy. (*Id.* at 4.) McCall alleges that on February 28, she was advised by Nemours physicians that her child required a blood transfusion before undergoing an inpatient procedure. (*Id.*) She alleges that because of religious beliefs, she preferred that he be provided with an iron infusion and that the procedures (endoscopy and colonoscopy) be performed on an outpatient basis. (*Id.*) Defendant Nemours, however, allegedly took emergency medical custody of McCall's child, provided the transfusion, and performed the endoscopy and colonoscopy. (*Id.*)

Nemours also allegedly contacted Delaware's Department of Services for Children, Youth and Families which, in turn allegedly contacted Defendant MCOCY. (*Id.*) MCOCY then allegedly successfully petitioned to remove McCall as legal guardian of her child. (*Id.*) McCall alleges that Defendant Law Offices of Craig Hosay, P.C. was appointed guardian of her child at a hearing that McCall was not afforded an opportunity to attend or participate in to assert her parental rights. (*Id.*) McCall alleges that at the time of the filing of the Complaint on March 13, 2023, Nemours still had custody of her child and that she had been prevented from seeing him.

McCall allege that she does not want her child to remain at Nemours because of safety concerns and spiritual conflict, but that the hospital will not release the child to McCall's custody. (*Id.*)

McCall asserts claims for violations of her Fourteenth Amendment substantive and procedural due process rights and her First Amendment rights. (*Id.* at 2, 3.) She requests money damages and full legal custody of her child. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

McCall was previously granted leave to proceed *in forma pauperis*. (ECF No. 5.) Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint must be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As McCall is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). The Dependency Petition that is the subject of McCall's Notice of Removal must be remanded if it is determined that the Court lacks subject matter jurisdiction over the claims contained therein.

### III.     DISCUSSION

#### A.     McCall's Notice of Removal

The removal of cases to federal court is governed by 28 U.S.C. § 1441. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court has an obligation to satisfy itself that it has subject matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003). The removing party bears the burden of establishing the existence of subject matter jurisdiction. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). Of note, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)).

It has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also Barber*, 62 U.S. at 584 (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 704. By removing the Dependency Petition to this Court, McCall seeks to have this Court exercise jurisdiction over the custody proceedings that are ongoing in Montgomery County. The Court lacks jurisdiction to do so.[3]

In her Notice of Removal, McCall alleges that federal question jurisdiction supports removal, because the custody proceedings have resulted in violations of her First and Fourteenth Amendment rights. (ECF No. 2.) In removal cases, the existence of federal question jurisdiction

---

[3] In addition, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). That is precisely the relief McCall seeks in this case, namely, to overturn a state court custody decision. The Court notes that it is unclear that the order awarding temporary custody of McCall's minor child to MCOCY is a final order requiring dismissal under *Rooker-Feldman*. However, the doctrine weighs heavily against any effort of this to overturn the decision of a state court judge,

7

under 28 U.S.C. § 1331 is usually determined under the well pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  The well pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., LLC*, Civ. A. No. 07-3656, 2007 WL 3170121, at *2 (D.N.J. Oct. 26, 2007) (citing *Caterpillar*, 482 U.S. at 392 (other citations omitted)).  "Under the well pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Community Bank of N. Va.*, 418 F.3d 277, 293 (3d Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-12 (1983)).  Moreover, the United States Supreme Court has made clear that for purposes of determining removal jurisdiction under the "well pleaded complaint rule," federal question jurisdiction is determined without any reference to federal claims raised in an answer/defense to the complaint. *Caterpillar*, 482 U.S. at 393 (It is well settled "that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citing *Franchise Tax Bd.*, 463 U.S. at 12)).  Here, the Dependency Petition states no federal question claims.  It seeks only to place temporary custody of the minor child with MCOCY to allow the child to receive medical treatment.  (ECF No. 2-1 at 4.)  McCall's constitutional claims may constitute a defense in the custody matter, but the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a claim, only on the claims

8

asserted in the complaint itself. As such, McCall has failed to establish federal question jurisdiction as a basis for removal of the state court Complaint, 28 U.S.C. § 1331.

McCall has also failed to allege facts that would support predicating removal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. That provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Although McCall alleges that complete diversity exists, this is not clear on the face of the Dependency Petition filed by MCOCY solely against McCall who appears to be a citizen of Pennsylvania. McCall has thus failed to meet her burden to establish the existence of diversity of citizenship. (*Id.*)

Because McCall has failed to demonstrate a proper jurisdictional ground for removal of the Dependency Petition, the Court lacks subject matter jurisdiction over it, and it must be remanded to the Court of Common Pleas of Montgomery County. *See Federal Nat'l. Mortg. Ass'n v. Allen*, Civ. A. No. 13-483, 2013 WL 5146201, at *2-5 (W.D. Pa. Sept. 13, 2013).

**B.     Plaintiff's Complaint**

McCall asserts claims against the named Defendants based on their participation in the proceedings that resulted in an order authorizing MCOCY to take protective custody of McCall's minor child to allow the child to receive medical treatment. She asserts that they have violated her First and Fourteenth Amendment rights and requests money damages and the return of full custody of her minor child. McCall's request for custody of her child must be dismissed because this Court lacks jurisdiction to alter a state court order concerning custody.[4] In addition, the Court must abstain from considering claims arising from ongoing state court proceedings. The dismissal will be without prejudice to McCall raising her constitutional claims in the future if her claims are not resolved in the state court proceedings.

This Court has an obligation to abstain from considering certain types of cases. Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted). Child custody proceedings are civil proceedings that fall within the third category and "are a strong candidate for *Younger*

---

[4] For the same reasons that the Court cannot exercise jurisdiction over the Dependency Petition, it cannot consider McCall's request for the return of full custody of her minor child.

10

abstention." *Mikhail v. Kahn*, 991 F. Supp.2d 596, 626-28 (E.D. Pa. 2014). *See also Smith v. Harrison*, No. 21-5120, 2022 WL 445757, at *4 (E.D. Pa., Feb. 14, 2022) (abstaining under *Younger* from intervening in ongoing child custody proceedings).[5]

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Here, there are ongoing state court dependency proceedings that implicate an important state interest, namely the health and well-being of a child. Moreover, the Montgomery County proceedings afford an adequate opportunity for McCall to raise her constitutional claims.

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142,

---

[5] In the Order denying McCall's request for preliminary relief, the Court noted the applicability of Younger abstention to juvenile dependency proceedings, stating: "*Younger v. Harris*, 401 U.S. 37 (1971), as applied to state juvenile dependency proceedings through *Moore v. Sims*, 442 U.S. 415 (1979), clearly requires that this Court defer to the pending state juvenile proceedings with respect to the best interests of the child and abstain from further consideration of McCall's Complaint and from providing the relief requested. In *Moore*, the United States Supreme Court stated that child abuse proceedings implicated matters of important state concern and that it was 'unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation.' *Id.* at 435." (ECF No. 6 at 2.)

*2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).  None of these circumstances are present here.  Accordingly, we will abstain from considering McCall's Complaint, and will dismiss the Complaint without prejudice.

## IV.    CONCLUSION

For the reasons stated, the Dependency Petition that is the subject of McCall's Notice of Removal will be remanded to the Court of Common Pleas of Montgomery County.  McCall's Complaint will be dismissed without prejudice. An appropriate Order follows.


**BY THE COURT:**


___*/s/ R. Barclay Surrick*___
**R. BARCLAY SURRICK, J.**